1   Douglas R. Hart, SBN 115673
    dhart@sidley.com
2   Katherine A. Roberts, SBN 259486
    kate.roberts@sidley.com
3   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
4   Los Angeles, California 90013
    Telephone: (213) 896-6000
5   Facsimile: (213) 896-6600

FILED
CLERK, U.S. DISTRICT COURT

APR - 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

6   Attorneys for ARTHUR J. GALLAGHER SERVICE COMPANY, LLC.

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10  SHERRY DOBROSKY, an individual     ) Case No.
    on behalf of herself and on behalf of all )
11  persons similarly situated,        ) EDCV13-0646 JGB(SPx)
                                       )
12              Plaintiff,             ) DEFENDANT'S NOTICE OF
                                       ) REMOVAL
13  vs.                                )
                                       ) [Filed Concurrently With Declaration
14  ARTHUR J. GALLAGHER SERVICE        ) Of Christopher Neigel]
    COMPANY, LLC., a Delaware Limited  )
15  Liability company, and DOES 1 through ) [RIVERSIDE SUPERIOR COURT CASE
    50, inclusive,                     ) NO. RIC 1302147]
16                                     )
                Defendants.            )
17                                     )

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Arthur J. Gallagher Service Co. hereby removes the action captioned *Sherry Dobrosky v. Arthur J. Gallagher Service Co., LLC.*, Case No. RIC 1302147 (the "State Court Action"), from the California Superior Court for the County of Riverside to this court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and Federal Rules of Civil Procedure, Rule 81(c).  In support of this Notice, Defendant states as follows:

## REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

1.   The Class Action Fairness Act ("CAFA") amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction where the following factors are met:

    a.   the aggregate amount in controversy exceeds $5,000,000;

    b.   any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

    c.   the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

    d.   the number of members of the plaintiff class is 100 or more.

§ 1332(d)(2); *see also Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

2.    Under § 1453, a defendant may remove a class action to federal court in accordance with the requirements set forth in § 1446.[1]

**A.**    **Minimal Diversity**

3.    Plaintiff Sherry Dobrosky ("Plaintiff") is a member of the putative class and is a citizen of the State of California.  Compl. ¶ 3.

4.    Defendant Arthur J. Gallagher Service Co. ("Defendant") is a citizen of the State of Delaware, which is its state of incorporation, and the State of Illinois, which is its state of principal place of business.  Declaration of Christopher Neigel ("Neigel Decl.") ¶ 3.

5.    Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Illinois, the minimal diversity requirement of the CAFA is met.

6.    Additionally, Defendant is not a state, state official, or other government entity against whom the district court may be foreclosed from ordering relief.

**B.**    **Class Size and Amount in Controversy**

7.    On or about February 22, 2013, Plaintiff filed the State Court Action. Her Complaint ("Complaint" or "Compl.") alleges certain California law wage-and-hour claims on behalf of a putative class Plaintiff describes as "Claims Representatives," including employees with the titles of (1) Claim Representative, (2) Senior Claim Representative, (3) Claims Adjustor Senior and/or (4) Claims Specialist employed by Defendant in California since February 22, 2009. *See* Compl. ¶¶ 5, 10.

8.    Based on Defendants' employment records, the putative class at issue in the Complaint involves 100 or more members, thus meeting the numerosity requirement under the CAFA. *See* Neigel. ¶ 9.

---

[1] The one-year limitation for removal under § 1446(c)(1) does not apply to the removal of class actions under § 1453. *See* 28 U.S.C. § 1453(b).

9.      In addition, the aggregated amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000); Neigel Decl. ¶ 14.

10.     The calculations relating to the value of the claims at issue in the lawsuit are based on Defendant's actual employment records showing the number of weeks each putative class member worked in a job classification encompassed by the applicable putative class definition as well as each person's lowest rate of pay in each applicable job classification.  *See* Neigel Decl. ¶¶ 2, 5-14.

11.     Plaintiff has not yet alleged or disclosed information relating to the number of alleged violations she seeks for each claim (*e.g.*, the number of alleged unpaid overtime hours or meal period violations per week).  Therefore, in order to calculate the amount of alleged damages, Defendant used conservative assumptions based upon the minimum number of violations normally alleged in similar putative class action lawsuits seeking relief for alleged misclassification and off-the-clock work violations.  *See id.*

## C.    CAFA Exceptions Are Not Applicable

12.     Further, while § 1332(d)(3) & (4) does recognize situations where this court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Defendant is not a citizen of California.  *See* § 1331(d)(3) (discretionary declination of jurisdiction limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and § 1332(d)(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* § 1331(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was

4

originally filed"). Additionally, Plaintiff shoulders the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (adopting this rule and citing *Hart*).

## TIMELINESS OF REMOVAL

13.    Defendant's Notice of Removal is timely because Defendant first received notice of such upon the service of the Summons and Complaint on March 12, 2013.  This Notice is being filed within 30 days of such time.

## VENUE

14.    Venue is proper in the Central District of California pursuant to § 1441(a) because the county in which the State Court Action was pending is found within this court's district.

## DEFENSES

15.    The removal of this action to the Central District of California does not waive Defendant's ability to assert any defense in this action.

## PLEADINGS

16.    Pursuant to § 1446(a), a copy of all process, pleadings, and orders served on Defendant to date, is attached as Exhibit A.

## NOTICE TO PLAINTIFF AND THE STATE COURT

17.    Pursuant to § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiffs, Defendant is filing in the Riverside Superior Court

and serving upon counsel for Plaintiff a separate document entitled "Notice to Adverse Parties of Removal to Federal Court."

Accordingly, Defendant respectfully requests that the State Court Action be removed in its entirety to this court.

Dated:        April 9, 2013

SIDLEY AUSTIN LLP

By: *Katherine A. Roberts*

Douglas R. Hart
Katherine A. Roberts
Attorneys for ARTHUR J.
GALLAGHER SERVICE COMPANY,
LLC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARTHUR J. GALLAGHER SERVICE COMPANY, LLC., a Delaware
Limited Liability Company, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHERRY DOBROSKY, an individual, on behalf of herself and on behalf
of all persons similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 22 2013

R. Mc Elyea

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>Riverside Historic Courthouse<br>4050 Main Street, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>**RIC 1302147** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037

Fax No.:(858) 551-1232
Phone No.:(858) 551-1223

| DATE: **FEB 20 2013**<br>*(Fecha)* FEB 22 2013 | Clerk, by<br>*(Secretario)* R. Mc Elyea | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ARTHUR J. GALLAGHER SERVICE COMPANY, LLC,
   A Delaware Limited Liability Company

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/12/13          EXHIBIT ___A___

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PAGE

1   BLUMENTHAL, NORDREHAUG & BHOWMIK
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

```
            F I L E D
   SUPERIOR COURT OF CALIFORNIA
      COUNTY OF RIVERSIDE

         FEB 22 2013

         R. Mc Elyea
```

7

8

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **IN AND FOR THE COUNTY OF RIVERSIDE**

13

14   SHERRY DOBROSKY, an individual,        Case No. **RIC   1302147**
     on behalf of herself and on behalf of all
15   persons similarly situated,            **CLASS ACTION COMPLAINT FOR:**

16                                          1.   UNFAIR COMPETITION IN
                      Plaintiff,                 VIOLATION OF CAL. BUS. &
17                                               PROF. CODE §§ 17200 *et seq.*;
18   vs.
                                            2.   FAILURE TO PAY OVERTIME
19   ARTHUR J. GALLAGHER SERVICE                 COMPENSATION IN VIOLATION
     COMPANY, LLC., a Delaware Limited           OF CAL. LAB. CODE §§ 510, 1194
20   Liability Company, and DOES 1 through       and 1198, *et seq.*;
     50, inclusive,
21                                          3.   FAILURE TO PROVIDE
                      Defendants.                ACCURATE ITEMIZED
22                                               STATEMENTS IN VIOLATION
                                                 OF CAL. LAB. CODE § 226; and,
23
                                            4.   FAILURE TO PROVIDE WAGES
24                                               WHEN DUE IN VIOLATION OF
                                                 CAL. LAB. CODE §§ 201, 202 and
25                                               203.

26                                          **DEMAND FOR A JURY TRIAL**

27

28

                         CLASS ACTION COMPLAINT
                                -1-

EXHIBIT    A
PAGE       8

1    Plaintiff Sherry Dobrosky ("PLAINTIFF"), individually, and on behalf of herself and all

2    other similarly situated current and former employees, alleges on information and belief, except

3    for her own acts and knowledge which are based on personal knowledge, the following:

4    <center>**THE PARTIES**</center>

5    1.    Defendant Arthur J. Gallagher Service Company, LLC ("AJG" or

6    "DEFENDANT") is an entity created under the laws of the State of Delaware with its principal

7    place of business located in Itasca, Illinois. At all relevant times mentioned herein, AJG

8    conducted and continues to conduct substantial and regular business throughout the State of

9    California.

10    2.    AJG is one of the world's largest insurance brokerage and risk management

11    services firms. AJG provides a full range of retail and wholesale property/casualty brokerage

12    and alternative risk transfer services. AJG also offers claims and information management, risk

13    control consulting and appraisal service to clients around the world.

14    3.    Plaintiff Sherry Dobrosky ("PLAINTIFF") was employed by AJG in California

15    as a Claim Representative from October of 2001 to October of 2012. At all times relevant

16    during her employment with AJG, PLAINTIFF was classified as a salaried employee exempt

17    from overtime wages and other related benefits.

18    4.    The position of a Claim Representative was represented by AJG to the

19    PLAINTIFF and the other Claim Representatives as an exempt and a salaried position.

20    5.    The employees employed in positions at AJG with the titles of "Claim

21    Representative," "Senior Claim Representative," "Claims Adjustor," "Claims Adjustor Senior"

22    and/or "Claims Specialist" (collectively the "Claims Representatives") all performed the same

23    primary job duty which was to provide day-to-day routine clerical work in the handling and

24    processing of insurance claims on the production side of DEFENDANT's business. The

25    PLAINTIFF and other Claims Representatives performed the finite set of tasks of processing

26    of authorizations, making phone calls to employers, clients and medical providers, facilitating

27    medical care, opening and processing mail, and processing the acceptance and denial of

28

EXHIBIT ___A___

PAGE ___9___

insurance claims. Claims Representatives performed all of their job functions according to established company policies, protocols and procedures. According to AJG company policy, while performing the job functions of a Claims Representative, the Claims Representatives were and are required to work in excess of eight (8) hours each workday and more than forty (40) hours each workweek. The PLAINTIFF and the other Claims Representatives primarily performed the day-to-day tasks of adjusting individual claims and as such their work was not directly related to the management policies or general business operations of AJG.

6.      To perform their finite set of tasks, the PLAINTIFF and other Claims Representatives were part of the production team that produces one of AJG's products which is third party workers' compensation claims administration for businesses. Given the circumstances of the job functions performed by the PLAINTIFF and the other Claims Representatives, the PLAINTIFF and other Claims Representatives did not primarily perform office or non-manual work directly related to policymaking and/or the general business operations of AJG. The work of the PLAINTIFF and the other Claims Representatives did not require special training, experience and/or knowledge and also did not involve the use of discretion and independent judgment with respect to matters of significance of the enterprise. Instead, the PLAINTIFF and the other Claims Representatives primary job duty was and is performing day-to-day routine clerical work in the handling and processing of insurance claims. Courts and State Labor Boards have held that Claims Representatives, like the PLAINTIFF and the other Claims Representatives, are non-exempt employees and are entitled to overtime compensation. Therefore, the PLAINTIFF, and all the other Claims Representatives should have been properly classified as non-exempt employees.

7.      For AJG's business, the PLAINTIFF and other Claims Representatives functioned as working members in AJG's Workers' Compensation segment. As defined by AJG's comprehensive corporate policies and procedures, the primary job duty of the CALIFORNIA CLASS members employed by AJG was and is to perform day-to-day routine clerical work in the handling and processing of insurance claims in accordance with AJG's established specific

EXHIBIT ___A___

PAGE ___10___

1  protocols and procedures which govern and control every aspect of the work performed by the

2  Claims Representatives. These standardized procedures mirror the realities of the workplace

3  evidencing a uniformity of work among the Claims Representatives and negated any exercise

4  of independent judgment and discretion as to any matter of significance.

5        8.    The work schedule for the Claims Representatives was set by AJG. Generally,

6  the PLAINTIFF and other Claims Representatives work in excess of eight (8) hours in a

7  workday and more than forty (40) hours in a workweek.

8        9.    PLAINTIFF and the other Claims Representatives members were not provided

9  overtime compensation and other benefits required by law as a result of being classified as

10  "exempt" by AJG.

11        10.    PLAINTIFF brings this Class Action, pursuant to Cal. Code of Civ. Proc. § 382,

12  on behalf of herself and a California Class, defined as all individuals who are or previously were

13  employed by Defendant Arthur J. Gallagher Service Company, LLC as Claims Representatives

14  in California (the "CALIFORNIA CLASS") at any time during the period beginning on the date

15  four (4) years before the filing of this Action and ending on the date as determined by the Court

16  (the "CALIFORNIA CLASS PERIOD").

17        11.    As a matter of company policy, practice, and procedure, AJG has unlawfully,

18  unfairly and/or deceptively classified every Claims Representative as exempt based on job title

19  alone, failed to pay required overtime compensation and otherwise failed to comply with all

20  applicable labor laws with respect to these Claims Representatives.

21        12.    The true names and capacities, whether individual, corporate, subsidiary,

22  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

23  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

24  pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to amend this

25  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

26  are ascertained. PLAINTIFF is informed and believes, and based upon that information and

27  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

28  inclusive, are responsible in some manner for one or more of the events and happenings that

EXHIBIT A

PAGE 11

1    proximately caused the injuries and damages hereinafter alleged.

2        13.    The agents, servants and/or employees of the Defendants and each of them acting

3    on behalf of the Defendants acted within the course and scope of his, her or its authority as the

4    agent, servant and/or employee of the Defendants, and personally participated in the conduct

5    alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

6    Consequently, the acts of each Defendant are legally attributable to the other Defendants and

7    all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

8    CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

9    Defendants' agents, servants and/or employees.

10                        **THE CONDUCT**

11       14.    The finite set of tasks required of the PLAINTIFF and the other Claims

12   Representatives as defined by DEFENDANT was executed by the PLAINTIFF and other

13   Claims Representatives through the performance of non-exempt clerical labor within a defined

14   skill set.

15       15.    Although the PLAINTIFF and the other Claims Representatives primarily

16   performed non-exempt clerical labor, DEFENDANT instituted a blanket classification policy,

17   practice and procedure by which the PLAINTIFF and other Claims Representatives were

18   classified as exempt from overtime compensation and other related benefits. By reason of this

19   uniform exemption practice, policy and procedure applicable to the PLAINTIFF and the other

20   Claims Representatives who performed this non-exempt labor, DEFENDANT committed acts

21   of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof.

22   Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and

23   procedure which failed to properly classify the PLAINTIFF and the other Claims

24   Representatives and thereby failed to pay them overtime wages for documented overtime hours

25   worked. The proper classification of these employees is DEFENDANT's legal burden. As a

26   result of DEFENDANT's intentional disregard of the obligation to meet this burden,

27   DEFENDANT failed to pay all required overtime compensation for work performed by the

28   PLAINTIFF and other Claims Representatives and violated the California Labor Code and

EXHIBIT  A

PAGE  12

1  regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to provide

2  all the legally required off-duty meal and rest breaks to the PLAINTIFF and the other CALIFORNIA

3  CLASS Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not

4  have a policy or practice which provided meal and rest breaks to the PLAINTIFF and the other

5  CALIFORNIA CLASS Members. As a result, DEFENDANT's failure to provide the PLAINTIFF and

6  the CALIFORNIA CLASS Members with legally required meal and rest breaks is evidenced by

7  DEFENDANT's business records which contain no record of these breaks.

8      16.    DEFENDANT, as a matter of law, have the burden of proving that (a)

9  employees were properly classified as exempt and that (b) DEFENDANT otherwise complied

10 with applicable laws.   Other than the initial classification of the PLAINTIFF and the

11 CALIFORNIA CLASS members as exempt from being paid overtime based on job title alone,

12 DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF and

13 the CALIFORNIA CLASS members were properly classified as exempt, and in fact, as a matter

14 of corporate policy erroneously and unilaterally classified the PLAINTIFF and the

15 CALIFORNIA CLASS members as exempt based on job title alone.

16     17.    The PLAINTIFF and the CALIFORNIA CLASS members, primarily performed

17 non-exempt job duties during their employment with DEFENDANT, but were nevertheless

18 classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours

19 a day and in excess of forty (40) hours a week.

20     18.    PLAINTIFF and the CALIFORNIA CLASS members employed by

21 DEFENDANT were not primarily engaged in work of a type that was or now is directly related

22 to the management or general business operation of the employer's customers, when giving

23 these words a fair but narrow construction.  PLAINTIFF and the CALIFORNIA CLASS

24 members employed by DEFENDANT were also not primarily engaged in work of a type that

25 was or now is performed at the level of the policy or management of DEFENDANT.

26 PLAINTIFF and the CALIFORNIA CLASS members employed by DEFENDANT were also

27 not primarily engaged in work requiring knowledge of an advanced type in a field or science

28 or learning customarily acquired by a prolonged course of specialized intellectual instruction

EXHIBIT __A__

PAGE __13__

1  and study, but rather their work primarily involved the performance of routine mental, manual,

2  and/or physical processes. PLAINTIFF and the CALIFORNIA CLASS members employed by

3  DEFENDANT were also not primarily engaged in work that is predominantly intellectual and

4  varied in character, but rather was routine mental, manual, mechanical, and/or physical work

5  that was of such character that the output produced or the result accomplished could be

6  standardized in relation to a given period of time.  The work of a Claims Representative of

7  DEFENDANT was work wherein the PLAINTIFF and the CALIFORNIA CLASS members

8  were engaged in the finite set of tasks of processing of authorizations, making phone calls to

9  employers, clients and medical providers, facilitating medical care, opening and processing

10  mail, and processing the acceptance and denial of insurance claims in accordance with the

11  policies, protocols and operations established by DEFENDANT.

12       19.    The fact that the work of PLAINTIFF and the CALIFORNIA CLASS members

13  may have involved work using a specialized skill set or technical abilities in a defined technical

14  area does not mean that the PLAINTIFF and the CALIFORNIA CLASS members employed

15  by DEFENDANT were exempt from overtime wages.  Indeed, the exercise of discretion and

16  independent judgment must be more than the use of a highly technical skill set described in a

17  manual or other source.  The work that the PLAINTIFF and the CALIFORNIA CLASS

18  members employed by DEFENDANT were primarily engaged in performing day-to-day routine

19  clerical work in the handling and processing of workers' compensation claims which was work

20  that was required to be performed as part of the day-to-day-business of DEFENDANT.  As a

21  result, the PLAINTIFF and the other CALIFORNIA CLASS members employed by

22  DEFENDANT were primarily engaged in work that was not directly related to the management

23  policies or general business operations of DEFENDANT and therefore should have been

24  properly classified as non-exempt employees.

25       20.    PLAINTIFF and the other CALIFORNIA CLASS members were classified as

26  exempt from California overtime and related laws by DEFENDANT, however, these employees

27  did not have managerial duties or authority.  PLAINTIFF and the CALIFORNIA CLASS

28  members performed ongoing day-to-day non-exempt activities. Furthermore, the PLAINTIFF

EXHIBIT  A

PAGE  14

1    and other CALIFORNIA CLASS members were tightly controlled by company policy and by

2    their managers, did not exercise discretion or independent judgment as to matters of

3    significance, and their job duties were not directly related to DEFENDANT's management

4    policies or general business operation.

5        21.    PLAINTIFF and all other CALIFORNIA CLASS members are and were

6    uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter,

7    DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and other

8    CALIFORNIA CLASS members, were properly classified under the applicable Industrial

9    Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as

10   exempt from applicable California labor laws. Since DEFENDANT affirmatively and wilfully

11   misclassified the PLAINTIFF and other Claims Representatives in compliance with California

12   labor laws, DEFENDANT's practices violated and continue to violate California law.  In

13   addition, DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF

14   and other Claims Representatives that they were exempt from overtime pay when

15   DEFENDANT knew or should have known that this statement was false and not based on

16   known facts. DEFENDANT also acted unfairly by violating the California labor laws, and as

17   a result of this policy and practice, DEFENDANT also violated the UCL.  In doing so,

18   DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the

19   amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS

20   by not paying them in accordance with California law.

21       22.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

22   and the other Claims Representatives with a wage statement in writing that accurately sets forth

23   gross wages earned, all applicable hourly rates in effect during the pay period and the

24   corresponding number of hours worked at each hourly rate by the PLAINTIFF and the

25   CALIFORNIA CLASS members. This conduct violates California Labor Code § 226. The pay

26   stub also does not accurately display anywhere the PLAINTIFF's and the other CALIFORNIA

27   CLASS Members' overtime hours and applicable rates of overtime pay for the pay period.

28       23.    By reason of this uniform conduct applicable to the PLAINTIFF and all the

EXHIBIT A

1   CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

2   violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

3   (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

4   classify the PLAINTIFF and the members of the CALIFORNIA CLASS as non-exempt. The

5   proper classification of these employees is DEFENDANT's burden.   As a result of

6   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

7   failed to properly calculate and/or pay all required overtime compensation for work performed

8   by the members of the CALIFORNIA CLASS and violated the applicable Wage Order, the

9   California Labor Code and the regulations promulgated thereunder as herein alleged.

10      24.      Plaintiff Sherry Dobrosky worked as a Claims Representative for DEFENDANT in

11   California from October of 2001 to October of 2012 and was classified by DEFENDANT as exempt

12   from overtime wages and other related benefits.  PLAINTIFF performed the non-exempt tasks of

13   processing of authorizations, making phone calls to employers, clients and medical providers,

14   facilitating medical care, opening and processing mail, and processing the acceptance and denial

15   of insurance claims in accordance with DEFENDANT's company policies. During the CALIFORNIA

16   CLASS PERIOD, PLAINTIFF was permitted no discretion in performing her tasks because

17   DEFENDANT controlled every aspect of the plant's day-to-day operations leaving PLAINTIFF no

18   choice in how to perform these non-exempt tasks.  During the CALIFORNIA CLASS PERIOD,

19   PLAINTIFF was regularly required to work in excess of eight (8) hours in a workday and more than

20   forty (40) hours in a workweek, but as a result of DEFENDANT's misclassification of PLAINTIFF as

21   exempt from the applicable California Labor Code provisions, PLAINTIFF was not compensated by

22   DEFENDANT for her overtime hours worked at the applicable overtime rate.  DEFENDANT also

23   failed to provide all the legally required off-duty meal and rest breaks to the PLAINTIFF as required

24   by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which

25   provided meal and rest breaks to the PLAINTIFF and also failed to compensate the PLAINTIFF for her

26   missed meal breaks.  In addition, PLAINTIFF was not provided with accurate and itemized wage

27   statements showing the gross wages earned, the net wages earned, all applicable hourly rates in effect

28   during the pay period, including overtime hourly rates, and the corresponding number of hours worked

EXHIBIT __A__

1   at each hourly rate, by DEFENDANT during the CALIFORNIA CLASS PERIOD in violation of Cal.

2   Lab. Code § 226(a).  DEFENDANT also failed to pay PLAINTIFF all her earned and vested vacation

3   wages and all incentive wages that she earned in the last month of her employment for closing claims

4   for DEFENDANT's clients.  PLAINTIFF is owed approximately $1,000 from DEFENDANT's

5   incentive program.  To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation

6   still owed to her or any penalty wages owed to her under Cal. Lab. Code § 203.

7   <center>**THE CALIFORNIA CLASS**</center>

8       25.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

9   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL")

10  as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of herself and a

11  California Class, defined as all individuals who are or previously were employed by Defendant

12  Arthur J. Gallagher Service Company, LLC as Claims Representatives in California (the

13  "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years

14  before the filing of this Action and ending on the date as determined by the Court (the

15  "CALIFORNIA CLASS PERIOD").

16      26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

17  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

18  accordingly.

19      27.    DEFENDANT, as a matter of corporate policy, practice and procedure,

20  and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

21  Order Requirements, and the applicable provisions of California law, intentionally, knowingly,

22  and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully, and

23  deceptively instituted a practice to ensure that the employees employed in a Claims

24  Representative position were not properly classified as non-exempt from the requirements of

25  California Labor Code §§ 510, *et seq.*

26      28.    DEFENDANT has the burden of proof that each and every employee is

27  properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*

28  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

EXHIBIT __A__

PAGE __17__

place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice that misclassifies the CALIFORNIA CLASS members as exempt. DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each and every CALIFORNIA CLASS member as exempt from the requirements of the California Labor Code §§ 510, *et seq.* This common business practice applicable to each and every CALIFORNIA CLASS member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under California Business & Professions Code §§ 17200 *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

29.     At no time before, during or after the PLAINTIFF's employment with DEFENDANT was any CALIFORNIA CLASS member reclassified as non-exempt from the applicable requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS member was initially, uniformly, and systematically classified as exempt upon being hired.

30.     Any individual declarations of any employees offered at this time purporting to indicate that one or more CALIFORNIA CLASS members may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system did not misclassify the PLAINTIFF and the other CALIFORNIA CLASS members as exempt pursuant to Cal. Lab. Code §§ 510, *et seq.* Absent proof of such a contemporaneous system, DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations, the PLAINTIFF and the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFF and the CALIFORNIA CLASS members according to proof.

31.     The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA CLASS members is impracticable.

32.     Common questions of law and fact exist as to members of the CALIFORNIA CLASS, including, but not limited, to the following:

EXHIBIT A

PAGE   18

(a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS as exempt;

(b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly, and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by the PLAINTIFF and the members of the CALIFORNIA CLASS performing non-exempt labor;

(c)     Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to reclassify as non-exempt those members of the CALIFORNIA CLASS whose actual job duties are primarily comprised of non-exempt job functions;

(d)     Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct overtime pay to the PLAINTIFF and the members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT;

(e)     Committing an act of unfair competition in violation of the UCL, by failing to provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA CLASS members; and,

(f)     Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 201 and 202, by failing to provide timely payment of all wages owed to the PLAINTIFF and members of the CALIFORNIA CLASS who failed to receive the correct overtime wages for hours worked due to DEFENDANT's systematic misclassification and

EXHIBIT A

PAGE 19

1    who have terminated their employment.

2    33.    This Class Action meets the statutory prerequisites for the maintenance of a

3    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

4    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

5    that the joinder of all such persons is impracticable and the disposition of

6    their claims as a class will benefit the parties and the Court;

7    (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

8    raised in this Complaint are common to the CALIFORNIA CLASS will

9    apply uniformly to every member of the CALIFORNIA CLASS;

10    (c)    The claims of the representative PLAINTIFF are typical of the claims of

11    each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

12    other members of the CALIFORNIA CLASS, was initially classified as

13    exempt upon hiring based on the defined corporate policies and practices

14    and labored under DEFENDANT's systematic procedure that failed to

15    properly classify the PLAINTIFF and the members of the CALIFORNIA

16    CLASS.    PLAINTIFF sustained economic injury as a result of

17    DEFENDANT's employment practices. PLAINTIFF and the members of

18    the CALIFORNIA CLASS were and are similarly or identically harmed

19    by the same unlawful, deceptive, unfair and pervasive pattern of

20    misconduct engaged in by DEFENDANT by deceptively advising all

21    CALIFORNIA CLASS members that they were exempt from overtime

22    wages based on the defined corporate policies and practices, and unfairly

23    failing to pay overtime to these employees who were improperly classified

24    as exempt; and,

25    (d)    The representative PLAINTIFF will fairly and adequately represent and

26    protect the interest of the CALIFORNIA CLASS, and has retained counsel

27    who are competent and experienced in Class Action litigation. There are

28    no material conflicts between the claims of the representative PLAINTIFF

CLASS ACTION COMPLAINT
-13-

EXHIBIT A

PAGE 20

1      and the members of the CALIFORNIA CLASS that would make class

2      certification inappropriate.  Counsel for the CALIFORNIA CLASS will

3      vigorously assert the claims of all employees in the CALIFORNIA

4      CLASS.

5     34.     In addition to meeting the statutory prerequisites to a Class Action, this Action

6 is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

7     (a)    Without class certification and determination of declaratory, statutory and

8      other legal questions within the class format, prosecution of separate

9      actions by individual members of the CALIFORNIA CLASS will create

10      the risk of:

11     1)     Inconsistent or varying adjudications with respect to individual

12      members of the CALIFORNIA CLASS which would establish

13      incompatible standards of conduct for the parties opposing the

14      CALIFORNIA CLASS; and/or,

15     2)     Adjudication with respect to individual members of the

16      CALIFORNIA CLASS which would as a practical matter be

17      dispositive of interests of the other members not party to the

18      adjudication or substantially impair or impede their ability to

19      protect their interests;

20     (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

21      act on grounds generally applicable to the CALIFORNIA CLASS, making

22      appropriate class-wide relief with respect to the CALIFORNIA CLASS

23      as a whole in that DEFENDANT uniformly classified and treated the

24      CALIFORNIA CLASS members as exempt and, thereafter, uniformly

25      failed to take proper steps to determine whether the CALIFORNIA

26      CLASS members were properly classified as exempt, and thereby denied

27      these employees overtime wages as required by law;

28     1)     With respect to the First Cause of Action, the final relief on behalf

EXHIBIT A

PAGE 21

1                      of the CALIFORNIA CLASS sought does not relate exclusively to

2                      restitution because through this claim the PLAINTIFF seeks

3                      declaratory relief holding that DEFENDANT's policy and practices

4                      constitute unfair competition, along with incidental equitable relief

5                      as may be necessary to remedy the conduct declared to constitute

6                      unfair competition;

7      (c)    Common questions of law and fact exist as to the members of the

8                CALIFORNIA CLASS, with respect to the practices and violations of

9                California law as listed above, and predominate over any question

10              affecting only individual members, and a Class Action is superior to other

11              available methods for the fair and efficient adjudication of the

12              controversy, including consideration of:

13         1)    The interests of the members of the CALIFORNIA CLASS in

14                    individually controlling the prosecution or defense of separate

15                    actions in that the substantial expense of individual actions will be

16                    avoided to recover the relatively small amount of economic losses

17                    sustained by the individual CALIFORNIA CLASS members when

18                    compared to the substantial expense and burden of individual

19                    prosecution of this litigation;

20         2)    Class certification will obviate the need for unduly duplicative

21                    litigation that would create the risk of:

22                A.    Inconsistent or varying adjudications with respect to

23                      individual members of the CALIFORNIA CLASS, which

24                      would establish incompatible standards of conduct for

25                      DEFENDANT; and/or,

26                B.    Adjudications with respect to individual members of the

27                      CALIFORNIA CLASS would as a practical matter be

28                    dispositive of the interests of the other members not parties

EXHIBIT A

PAGE 22

to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

35.    This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the

EXHIBIT A

PAGE 23

1     Court;

2     (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be

3     able to obtain effective and economic legal redress unless the action is

4     maintained as a Class Action;

5     (e)    There is a community of interest in obtaining appropriate legal and

6     equitable relief for the acts of unfair competition, statutory violations and

7     other improprieties, and in obtaining adequate compensation for the

8     injuries which DEFENDANT's actions have inflicted upon the

9     CALIFORNIA CLASS;

10     (f)    There is a community of interest in ensuring that the combined assets of

11     DEFENDANT are sufficient to adequately compensate the members of the

12     CALIFORNIA CLASS for the injuries sustained;

13     (g)    DEFENDANT has acted or refused to act on grounds generally applicable

14     to the CALIFORNIA CLASS, thereby making final class-wide relief

15     appropriate with respect to the CALIFORNIA CLASS as a whole;

16     (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

17     the business records of DEFENDANT.  The CALIFORNIA CLASS

18     consists of all DEFENDANT's Claims Representatives employed in

19     California during the CALIFORNIA CLASS PERIOD; and,

20     (i)    Class treatment provides manageable judicial treatment calculated to bring

21     a efficient and rapid conclusion to all litigation of all wage and hour

22     related claims arising out of the conduct of DEFENDANT as to the

23     members of the CALIFORNIA CLASS.

24     36.    DEFENDANT maintains records from which the Court can ascertain and

25    identify by name and job title, each of DEFENDANT's employees who have been

26    systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

27    practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint

28    to include any additional job titles of similarly situated employees when they have been

EXHIBIT A

PAGE 24

1   identified.

## THE CALIFORNIA LABOR SUB-CLASS

3       37.    PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on

4   behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were

5   employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at

6   any time during the period beginning on the date three (3) years prior to the filing of the

7   action and ending on the date as determined by the Court (the "CALIFORNIA LABOR

8   SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

9       38.    DEFENDANT, as a matter of corporate policy, practice and procedure,

10   and in violation of the applicable California Labor Code ("Labor Code"), and Industrial

11   Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully,

12   and systematically misclassified the PLAINTIFF and the other members of the

13   CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from

14   overtime wages and other labor laws based on DEFENDANT's comprehensive policies and

15   procedures in order to avoid the payment of overtime wages by misclassifying their positions

16   as exempt from overtime wages and other labor laws.  To the extent equitable tolling

17   operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT,

18   the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

19       39.    DEFENDANT has intentionally and deliberately created a multi-tiered

20   management structure with numerous levels.  PLAINTIFF and the other CALIFORNIA

21   LABOR SUB-CLASS members primary job duty is to perform day-to-day routine clerical

22   work in the handling and processing of insurance claims in accordance with

23   DEFENDANT's established specific protocols and procedures.  The job levels and job titles

24   such as "Claim Representative," "Senior Claim Representative," "Claims Adjustor," "Claims

25   Adjustor Senior" and "Claims Specialist" were distributed in order to create the superficial

26   appearance of a number of unique jobs, when in fact, these jobs are substantially similar and

27   can be easily grouped together for the purpose of determining whether they were all

28   misclassified.  One of DEFENDANT's purposes in creating and maintaining this multi-level

EXHIBIT A

PAGE 25

1    job classification scheme is to create an artificial barrier to discovery and class certification

2    for all employees similarly misclassified as exempt.  DEFENDANT has uniformly

3    misclassified these CALIFORNIA LABOR SUB-CLASS members as exempt and denied

4    them overtime wages and other benefits to which non-exempt employees are entitled in

5    order to unfairly cheat the competition and unlawfully profit.

6        40.    DEFENDANT maintains records from which the Court can ascertain and

7    identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

8    SUB-CLASS members have been systematically, intentionally and uniformly misclassified

9    as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

10   PLAINTIFF will seek leave to amend the complaint to include these additional job titles

11   when they have been identified.

12       41.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

13   members is impracticable.

14       42.    Common questions of law and fact exist as to members of the CALIFORNIA

15   LABOR SUB-CLASS, including, but not limited to, the following:

16           (a)    Whether DEFENDANT unlawfully failed to pay overtime

17                  compensation to members of the CALIFORNIA LABOR SUB-CLASS

18                  in violation of the California Labor Code and California regulations and

19                  the applicable California Wage Order;

20           (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

21                  non-exempt employees entitled to overtime compensation for overtime

22                  hours worked under the overtime pay requirements of California law;

23           (c)    Whether DEFENDANT's policy and practice of classifying the

24                  CALIFORNIA LABOR SUB-CLASS members as exempt from

25                  overtime compensation and failing to pay the CALIFORNIA LABOR

26                  SUB-CLASS members overtime violate applicable provisions of

27                  California law;

28           (d)    Whether DEFENDANT unlawfully failed to keep and furnish

EXHIBIT A

PAGE 26

1      CALIFORNIA LABOR SUB-CLASS members with accurate records

2      of overtime hours worked;

3      (e)   Whether DEFENDANT's policy and practice of failing to pay members

4            of the CALIFORNIA LABOR SUB-CLASS all wages when due within

5            the time required by law after their employment ended violates

6            California law; and,

7      (f)   Whether DEFENDANT's conduct was wilful.

8      43.   DEFENDANT, as a matter of corporate policy, practice and procedure,

9  erroneously classified all of the CALIFORNIA LABOR SUB-CLASS members as exempt

10 from overtime wages and other labor laws.  All of the CALIFORNIA LABOR SUB-CLASS

11 members, including the PLAINTIFF, performed the same primary functions and were paid

12 by DEFENDANT according to uniform and systematic company procedures, which, as

13 alleged herein above, failed to correctly pay overtime compensation.  This business practice

14 was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-

15 CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide

16 basis.

17     44.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

18 under California law by:

19     (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby

20            failing to pay the PLAINTIFF and the members of the CALIFORNIA

21            LABOR SUB-CLASS the correct overtime pay for a workday longer

22            than eight (8) hours and a workweek in excess of forty (40) hours, for

23            which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

24     (b)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

25            when an employee is discharged or quits from employment, the

26            employer must pay the employee all wages due without abatement, by

27            failing to tender full payment and/or restitution of wages owed or in the

28            manner required by California law to the members of the

1  CALIFORNIA LABOR SUB-CLASS who have terminated their

2  employment; and,

3  (c)  Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

4  and the members of the CALIFORNIA LABOR SUB-CLASS who

5  were improperly classified as exempt with an accurate itemized

6  statement in writing showing the gross wages earned, the net wages

7  earned, all applicable hourly rates in effect during the pay period and

8  the corresponding number of hours worked at each hourly rate by the

9  employee.

10  45.  This Class Action meets the statutory prerequisites for the maintenance of a

11  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

12  (a)  The persons who comprise the CALIFORNIA LABOR SUB-CLASS

13  are so numerous that the joinder of all such persons is impracticable and

14  the disposition of their claims as a class will benefit the parties and the

15  Court;

16  (b)  Nearly all factual, legal, statutory, and declaratory relief issues that are

17  raised in this Complaint are common to the CALIFORNIA LABOR

18  SUB-CLASS and will apply uniformly to every member of the

19  CALIFORNIA LABOR SUB-CLASS;

20  (c)  The claims of the representative PLAINTIFF are typical of the claims

21  of each member of the CALIFORNIA LABOR SUB-CLASS.

22  PLAINTIFF, like all the other members of the CALIFORNIA LABOR

23  SUB-CLASS, was improperly classified as exempt and denied overtime

24  pay as a result of DEFENDANT's systematic classification practices.

25  PLAINTIFF and all the other members of the CALIFORNIA LABOR

26  SUB-CLASS sustained economic injuries arising from DEFENDANT's

27  violations of the laws of California; and,

28  (d)  The representative PLAINTIFF will fairly and adequately represent and

EXHIBIT A

PAGE  28

protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

has retained counsel who are competent and experienced in Class

Action litigation.  There are no material conflicts between the claims of

the representative PLAINTIFF and the members of the CALIFORNIA

LABOR SUB-CLASS that would make class certification

inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

will vigorously assert the claims of all the CALIFORNIA LABOR

SUB-CLASS members.

46.     In addition to meeting the statutory prerequisites to a Class Action, this Action

is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

     (a)     Without class certification and determination of declaratory, statutory

and other legal questions within the class format, prosecution of

separate actions by individual members of the CALIFORNIA LABOR

SUB-CLASS will create the risk of:

        1)     Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA LABOR SUB-CLASS which

would establish incompatible standards of conduct for the parties

opposing the CALIFORNIA LABOR SUB-CLASS; or,

        2)     Adjudication with respect to individual members of the

CALIFORNIA LABOR SUB-CLASS which would as a

practical matter be dispositive of interests of the other members

not party to the adjudication or substantially impair or impede

their ability to protect their interests;

     (b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have

acted or refused to act on grounds generally applicable to the

CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

whole in that DEFENDANT uniformly classified and treated the

EXHIBIT A

PAGE 29

1    CALIFORNIA LABOR SUB-CLASS members as exempt and,

2    thereafter, uniformly failed to take proper steps to determine whether

3    the CALIFORNIA LABOR SUB-CLASS were properly classified as

4    exempt, and thereby denied these employees overtime wages as

5    required by law;

6    (c)   Common questions of law and fact predominate as to the members of

7    the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

8    and violations of California law as listed above, and predominate over

9    any question affecting only individual members, and a Class Action is

10   superior to other available methods for the fair and efficient

11   adjudication of the controversy, including consideration of:

12   1)   The interests of the members of the CALIFORNIA LABOR

13        SUB-CLASS in individually controlling the prosecution or

14        defense of separate actions in that the substantial expense of

15        individual actions will be avoided to recover the relatively small

16        amount of economic losses sustained by the individual

17        CALIFORNIA LABOR SUB-CLASS members when compared

18        to the substantial expense and burden of individual prosecution

19        of this litigation;

20   2)   Class certification will obviate the need for unduly duplicative

21        litigation that would create the risk of:

22        A.   Inconsistent or varying adjudications with respect to

23             individual members of the CALIFORNIA LABOR SUB-

24             CLASS, which would establish incompatible standards of

25             conduct for DEFENDANT; and/or,

26        B.   Adjudications with respect to individual members of the

27             CALIFORNIA LABOR SUB-CLASS would as a

28             practical matter be dispositive of the interests of the other

CLASS ACTION COMPLAINT
-23-

EXHIBIT A

PAGE 30

members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

47.    This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

EXHIBIT A

PAGE 31

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of DEFENDANT's Claims Representatives employed in California during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

48.   This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  PLAINTIFF brings this Class Action pursuant to Cal. Code of Civil Proc. § 382 on her own behalf, and on behalf of all persons within the CALIFORNIA CLASS as defined

EXHIBIT ___A___

PAGE ___32___

1   above.

2        49.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

3   Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT

4   (i) currently maintains and at all relevant times maintained offices and facilities in this

5   County and/or conducts substantial business in this County, and (ii) committed the wrongful

6   conduct herein alleged in this County against members of the CALIFORNIA CLASS.

7   <div align="center">**FIRST CAUSE OF ACTION**</div>

8   <div align="center">**For Unlawful Business Practices**</div>

9   <div align="center">**[Cal. Bus. And Prof. Code §§ 17200 *et seq.*]**</div>

10  <div align="center">**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**</div>

11       50.    PLAINTIFF, and the CALIFORNIA CLASS members, reallege and

12  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 49 of this

13  Complaint.

14       51.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and

15  Prof. Code § 17021.

16       52.    California Business & Professions Code §§ 17200 *et seq.* (the "UCL")

17  defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

18  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to

19  unfair competition as follows:

20           Any person who engages, has engaged, or proposes to engage in unfair
             competition may be enjoined in any court of competent jurisdiction. The court
21           may make such orders or judgments, including the appointment of a receiver, as
             may be necessary to prevent the use or employment by any person of any practice
22           which constitutes unfair competition, as defined in this chapter, or as may be
             necessary to restore to any person in interest any money or property, real or
23           personal, which may have been acquired by means of such unfair competition.

24  California Business & Professions Code § 17203.

25       53.    By the conduct alleged herein, DEFENDANT has engaged and continue to

26  engage in a business practice which violates California law, including but not limited to, Wage

27  Order 4-2001, the California Code of Regulations and the California Labor Code including

28  Sections 201, 202, 203, 226.7, 510, 512, 1194 & 1198, for which this Court should issue

EXHIBIT A

PAGE 33

1   declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

2   necessary to prevent and remedy the conduct held to constitute unfair competition, including

3   restitution of wages wrongfully withheld. The DEFENDANT's practices alleged herein were

4   also unfair within the meaning of the UCL because the DEFENDANT's conduct was contrary

5   to important public policies of California, was immoral, unethical, oppressive, unscrupulous,

6   and the utility of which is outweighed to the harm of the conduct to the PLAINTIFF and

7   CALIFORNIA CLASS members. The DEFENDANT's practices alleged herein were deceptive

8   within the meaning of the UCL because the PLAINTIFF and CALIFORNIA CLASS members

9   were likely to be deceived by DEFENDANT's representations that these employees were

10   properly classified as exempt, were not entitled to overtime compensation, and were paid in full

11   for their work because such representations were not true.

12   54.   By the conduct alleged herein DEFENDANT has obtained valuable property,

13   money, and services from the PLAINTIFF, and the other members of the CALIFORNIA

14   CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their

15   detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.

16   Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and

17   pecuniary compensation alone would not afford adequate and complete relief.

18   55.   All the acts described herein as violations of, among other things, the California

19   Labor Code, California Code of Regulations, and the Industrial Welfare Commission Wage

20   Orders, were unlawful, were in violation of public policy, were immoral, unethical, oppressive,

21   and unscrupulous, and were likely to deceive employees, and thereby constitute deceptive,

22   unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, et seq.

23   56.   By the conduct alleged herein, DEFENDANT's practices were deceptive and

24   fraudulent in that DEFENDANT's uniform policy and practice was to improperly classify as

25   exempt PLAINTIFF, and other members of the CALIFORNIA CLASS, and DEFENDANT's

26   uniform policy and practice also failed to accurately to record all hours worked, and failed to

27   provide the required amount of overtime compensation due to a systematic misclassification that

28   cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare

---

EXHIBIT   A

PAGE   34

1    Commission requirements in violation of Cal. Bus. Code Section 17200 *et seq.*, and for which

2    this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code §

3    17203, including restitution of wages wrongfully withheld.

4         57.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

5    unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and

6    the other members of the CALIFORNIA CLASS to be underpaid during their employment with

7    DEFENDANT.

8         58.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

9    deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

10   mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA CLASS members.

11        59.    Therefore, the PLAINTIFF demands on behalf of herself and on behalf of

12   each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal

13   period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each

14   workday in which a second off-duty meal period was not timely provided for each ten (10) hours of

15   work.

16        60.    PLAINTIFF further demands on behalf of herself and on behalf of each

17   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not

18   timely provided as required by law.

19        61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

20   and do, seek such relief as may be necessary to restore to them the money and property which

21   DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

22   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

23   unfair business practices, including earned but unpaid wages for all hours worked.

24        62.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain,

25   speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices

26   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

27   As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the

28   other members of the CALIFORNIA CLASS, have suffered and will continue to suffer

EXHIBIT   A

PAGE   35

1  irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair

2  and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the

3  unpaid moneys, penalties and interest as required by law and make restitution to PLAINTIFF,

4  and the other members of the CALIFORNIA CLASS.

5  <u>**SECOND CAUSE OF ACTION**</u>

6  **For Failure To Pay Overtime Compensation**

7  **[Cal. Lab. Code §§ 510, 515, 1194 and 1198]**

8  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

9  **Defendants)**

10      63.    PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, reallege

11  and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 62 of

12  this Complaint.

13      64.    Cal. Lab. Code § 510 states in relevant part:

14      Eight hours of labor constitutes a day's work. Any work in excess of eight hours
        in one workday and any work in excess of 40 hours in any one workweek and the
15      first eight hours worked on the seventh day of work in any one workweek shall
        be compensated at the rate of no less than one and one-half times the regular rate
16      of pay for an employee. Any work in excess of 12 hours in one day shall be
        compensated at the rate of no less than twice the regular rate of pay for an
17      employee. In addition, any work in excess of eight hours on any seventh day of
        a workweek shall be compensated at the rate of no less than twice the regular rate
18      of pay of an employee.

19      65.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

20  labor is entitled to one day's rest therefrom in seven."

21      66.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees

22  to work more than six days in seven."

23      67.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime

24  rate of compensation required to be paid to a nonexempt full-time salaried employee, the

25  employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

26      68.    Cal. Lab. Code § 1194 states:

27      Notwithstanding any agreement to work for a lesser wage, any employee
        receiving less than the legal minimum wage or the legal overtime compensation
28      applicable to the employee is entitled to recover in a civil action the unpaid
        balance of the full amount of this minimum wage or overtime compensation,

EXHIBIT ___A

PAGE ___36

1    including interest thereon, reasonable attorney's fees, and costs of suit.

2        69.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard

3    conditions of labor fixed by the commission shall be the maximum hours of work and the

4    standard conditions of labor for employees. The employment of any employee for longer hours

5    than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

6        70.    DEFENDANT has intentionally and uniformly designated certain employees

7    as "exempt" employees, by their job title and without regard to DEFENDANT's realistic

8    expectations and actual overall requirements of the job, including PLAINTIFF and the other

9    members of the CALIFORNIA LABOR SUB-CLASS who worked on the production side of

10   the DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime

11   wages and other benefits in violation of the California Labor Code and Industrial Welfare

12   Commission requirements.

13       71.    For an employee to be exempt as a bona fide "executive," all the following

14   criteria must be met and DEFENDANT has the burden of proving that:

15       (a)    The employee's primary duty must be management of the enterprise, or of a

16              customarily recognized department or subdivision; and,

17       (b)    The employee must customarily and regularly direct the work of at least two (2)

18              or more other employees; and,

19       (c)    The employee must have the authority to hire and fire, or to command particularly

20              serious attention to his or his recommendations on such actions affecting other

21              employees; and,

22       (d)    The employee must customarily and regularly exercise discretion and independent

23              judgment; and,

24       (e)    The employee must be primarily engaged in duties which meet the test of

25              exemption.

26   No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they

27   all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-

28   2001.

EXHIBIT    A

PAGE    37

72.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

73.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3), and Labor Code § 515, also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide "professional", all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)      Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general

EXHIBIT A

PAGE 38

academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2) Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3) Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b) The employee must customarily and regularly exercise discretion and independent judgment; and.

(c) The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

74.   No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

75.   PLAINTIFF, and other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) They did not work as executives or administrators; and,

(b) The professional exemption does not apply to the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

76.   During the class period, the PLAINTIFF, and other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday and in

EXHIBIT __A__

PAGE __39__

1    excess of forty (40) hours in a work week.

2        77.    At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other

3    members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours

4    they have worked in excess of the maximum hours permissible by law as required by Cal. Lab.

5    Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA

6    LABOR SUB-CLASS, were regularly required to work, and did in fact work, overtime hours.

7        78.    By virtue of DEFENDANT's unlawful failure to pay additional compensation to

8    the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their

9    regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA

10   LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in

11   amounts which are presently unknown to them and which will be ascertained according to proof

12   at trial.

13       79.    DEFENDANT knew or should have known that PLAINTIFF, and the other

14   members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and

15   DEFENDANT systematically elected, either through intentional malfeasance or gross

16   nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy,

17   practice and procedure.

18       80.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

19   including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

20   Code § 1198 further states that the employment of an employee for longer hours than those

21   fixed by the Industrial Welfare Commission is unlawful.

22       81.    In performing the acts and practices herein alleged in violation of labor

23   laws and refusing to provide the requisite regular and overtime compensation, the

24   DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the

25   PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with

26   a conscious and utter disregard of their legal rights, or the consequences to them, and with the

27   despicable intent of depriving them of their property and legal rights and otherwise causing

28   them injury in order to increase corporate profits at the expense of PLAINTIFF and the

EXHIBIT  A

PAGE  40

1   members of the CALIFORNIA LABOR SUB-CLASS.

2   ## THIRD CAUSE OF ACTION

3   ### For Failure to Provide Accurate Itemized Statements

4   [Cal. Lab. Code § 226]

5   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

6   **Defendants)**

7   82.    PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, reallege

8   and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of

9   this Complaint.

10   83.    Cal. Lab. Code § 226 provides that an employer must furnish employees with an

11   "accurate itemized" statement in writing showing:

12   (1) gross wages earned,

13   (2) total hours worked by the employee, except for any employee whose compensation

14   is solely based on a salary and who is exempt from payment of overtime under

15   subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

16   Commission,

17   (3) the number of piecerate units earned and any applicable piece rate if the employee

18   is paid on a piece-rate basis,

19   (4) all deductions, provided that all deductions made on written orders of the employee

20   may be aggregated and shown as one item,

21   (5) net wages earned,

22   (6) the inclusive dates of the period for which the employee is paid,

23   (7) the name of the employee and his or her social security number, except that by

24   January 1, 2008, only the last four digits of his or her social security number or an

25   employee identification number other than a social security number may be shown on

26   the itemized statement,

27   (8) the name and address of the legal entity that is the employer, and

28   (9) all applicable hourly rates in effect during the pay period and the corresponding

CLASS ACTION COMPLAINT
-34-

EXHIBIT A

PAGE 41

1    number of hours worked at each hourly rate by the employee.

2        84.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in

3    that DEFENDANT failed to provide an accurate wage statement in writing that properly and

4    accurately itemized the number of hours worked by the PLAINTIFF, and the other members of

5    the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective

6    overtime rates of pay.

7        85.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

8    Code § 226, causing injury and damages to the PLAINTIFF, and the other members of the

9    CALIFORNIA LABOR SUB-CLASS. These injury and damages include, but are not limited

10   to, costs expended calculating the true hours worked and the amount of employment taxes

11   which were not properly paid to state and federal tax authorities. These damages are difficult

12   to estimate. Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR

13   SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in

14   which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant

15   to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event

16   more than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA

17   LABOR SUB-CLASS herein).

18                            **FOURTH CAUSE OF ACTION**

19                         **For Failure to Pay Wages When Due**

20                        **[Cal. Lab. Code §§ 201, 202 and 203]**

21         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against all**

22                                    **Defendants)**

23       86.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

24   CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

25   through 85 of this Complaint.

26       87.    Cal. Lab. Code § 200 provides that:

27   As used in this article:
     (a) "Wages" includes all amounts for labor performed by employees of every
28   description, whether the amount is fixed or ascertained by the standard of time,
     task, piece, Commission basis, or other method of calculation.

EXHIBIT A

PAGE 42

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

88.     Cal. Lab. Code § 201 provides, in relevant part, that:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

89.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

90.     There was no definite term in any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

91.     Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

92.     PLAINTIFF and many of the CALIFORNIA LABOR SUB-CLASS members have terminated their employment and DEFENDANT has not tendered payment of all wages owed.

93.     Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest, plus attorneys fees and interest as allowed by law.

## PRAYER FOR RELIEF

WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.      On behalf of the CALIFORNIA CLASS:

    A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA

EXHIBIT A

PAGE 43

1      CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

2   B)  An order requiring DEFENDANT to correctly calculate and pay all wages and

3      all sums unlawfuly withheld from compensation due to the PLAINTIFF and

4      the other members of the CALIFORNIA CLASS;

5   C)  Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for

6      restitution of the sums incidental to DEFENDANT's violations due to

7      PLAINTIFF and to the other members of the CALIFORNIA CLASS

8      according to proof; and,

9   D)  An order temporarily, preliminarily and permanently enjoining and restraining

10      DEFENDANT from engaging in similar unlawful conduct as set forth herein.

11  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

12   A)  That the Court certify the Second, Third, and Fourth Causes of Action asserted

13      by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal.

14      Code of Civ. Proc. § 382;

15   B)  Compensatory damages, according to proof at trial, including compensatory

16      damages for overtime compensation due PLAINTIFF and the other members

17      of the CALIFORNIA LABOR SUB-CLASS, during the applicable

18      CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

19   C)  The wages of all terminated employee from the CALIFORNIA LABOR SUB-

20      CLASS as a penalty from the due date thereof at the same rate until paid or

21      until an action therefore is commenced, in accordance with Cal. Lab. Code §

22      203; and,

23   D)  The greater of all actual damages or fifty dollars ($50) for the initial pay

24      period in which a violation occurs and one hundred dollars ($100) per each

25      member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

26      subsequent pay period, not exceeding an aggregate penalty of four thousand

27      dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

28  3.  On all claims:

EXHIBIT __A__

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties and cost of suit, as allowable under the law.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5.

Dated: February 14, 2013                    BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
        Norman B. Blumenthal
        Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2

PLAINTIFF demands jury trial on issues triable to a jury.

3

4

Dated: February 14, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK

5

By:

6

Norman B. Blumenthal
Attorneys for Plaintiff

7

8

9

10

11

12

13

14

K:\D\Dropbox\Pending Litigation\Gallagher Bassett - Dobroswky\p-Complaint-FINAL.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Norman Blumenthal (Bar # 68687)
Kyle Nordrehaug (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223     FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiff Sherry Dobrosky

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
DOBROSKY v. ARTHUR J. GALLAGHER SERVICE COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 1302147 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 14, 2013

Norman Blumenthal
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

EXHIBIT A
PAGE 47

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

DOBROSKY VS. ARTHUR J GALLAGHER SERVICE COMPANY

CASE NO. RIC 1302147

This case is assigned to the Honorable Judge Ronald L Taylor
in Department 06 for case management purposes.
The Case Management Conference is scheduled for 04/23/13
at  8:30 in Department 06.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing.  See
CA Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 02/22/13                Court Executive Officer/Clerk

                        By: _____
                              RICQUEL L MCELYEA, Deputy Clerk

ac:cmcs;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

EXHIBIT ____A____

PAGE ____48____

COPY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ INDIO 46-200 Oasis St., Indio, CA 92201 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ TEMECULA 41002 County Center Dr. Ste. 100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Norman Blumenthal (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, California 92037
TELEPHONE NO: (858) 551-1223   FAX NO. *(Optional)*: (858) 551-1232
E-MAIL ADDRESS *(Optional)*: norm@bamlawca.com
ATTORNEY FOR *(Name)*: Plaintiff Sherry Dobrosky

FOR COURT USE ONLY

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 22 2013

R. Mc Elyea

PLAINTIFF/PETITIONER: SHERRY DOBROSKY, et al.

DEFENDANT/RESPONDENT: ARTHUR J. GALLAGHER SERVICE COMPANY, LLC, et. al.

CASE NUMBER:
RIC **1302147**

## CERTIFICATE OF COUNSEL

All civil cases shall be filed in the following courthouses based on the zip code of the area in which the cause of action arose.

The undersigned certifies that this matter should be tried or heard in the following court:

☐ Banning   ☐ Blythe   ☐ Hemet   ☐ Murrieta

☐ Moreno Valley   ☒ Riverside   ☐ Indio   ☐ Temecula

For the reasons specified below:

☒ The action arose in the zip code of: 92555 _____ or
City/Community of: _____

☐ The action concerns real property located in the zip code of: _____ or
City/Community of: _____

☐ The Defendant resides in the zip code of: _____ or
City/Community of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 2/21/23 _____

Norman B. Blumenthal
[TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION]

▶ _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 1/1/12]

**CERTIFICATE OF COUNSEL**

Local Rule 3115
side.courts.ca.gov/localfrm/localfrms.shtm

EXHIBIT A

*LexisNexis® Automated California County Forms*
PAGE ___

PAGE 47

<table>
<tr><td>1</td><td>Douglas R. Hart, SBN 115673<br>dhart@sidley.com</td></tr>
<tr><td>2</td><td>Katherine A. Roberts, SBN 259486<br>kate.roberts@sidley.com</td></tr>
<tr><td>3</td><td>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000</td></tr>
<tr><td>4</td><td>Los Angeles, California 90013<br>Telephone: (213) 896-6000</td></tr>
<tr><td>5</td><td>Facsimile: (213) 896-6600</td></tr>
</table>

```
           F I L E D
   SUPERIOR COURT OF CALIFORNIA
        COUNTY OF RIVERSIDE

        APR 0 5 2013

        R. Mc Elyea
```

6  Attorneys for Defendants

7  ARTHUR J. GALLAGHER SERVICE COMPANY, LLC., a Delaware Limited Liability
   Company, and DOES 1 through 50, inclusive

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| 11  SHERRY DOBROSKY, an individual on behalf of herself and on behalf of all persons similarly situated, | Case No. RIC 1302147 |
| 12 | Assigned to:  Hon. Ronald L. Taylor |
| 13          Plaintiff, | DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES |
| 14      v. | |
| 15  ARTHUR J. GALLAGHER SERVICE COMPANY, LLC., a Delaware Limited Liability Company, and DOES 1 through 50, inclusive, | Complaint Filed:   February 22, 2013 |
| 16 | Place:     Department 06 |
| 17          Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

LAI 2678808v.2

ANSWER TO COMPLAINT FOR DAMAGES

EXHIBIT  A

PAGE  50

1    Defendant Arthur J. Gallagher Service Company, LLC, ("Defendant") answers the

2    Complaint of Plaintiff Sherry Dobrosky ("Plaintiff") and denies and avers as follows:

3

4                                    **GENERAL DENIAL**

5    Pursuant to the provisions of Section 431.30 of the California Code of Civil

6    Procedure, Defendant generally denies all the allegations of Plaintiff's unverified Complaint, and

7    further denies that Plaintiff has been damaged in any amount, or at all.  Defendant also specifically

8    denies that it is liable to Plaintiff, or any member of the purported class asserted, for the sum or sums

9    alleged or for any other amount whatsoever.

10

11                                  **AFFIRMATIVE DEFENSES**

12

13                              **FIRST AFFIRMATIVE DEFENSE**

14                            (Failure To State a Cause of Action)

15    1.    Neither the Complaint, nor any purported cause of action alleged therein,

16    states facts sufficient to constitute a cause of action upon which relief can be granted against

17    Defendant.

18

19                            **SECOND AFFIRMATIVE DEFENSE**

20                                 (Statute of Limitations)

21    2.    The Complaint, and each purported cause of action alleged therein, is barred

22    by applicable statutes of limitations, including but not limited to California Labor Code Sections,

23    203, 226, and 2698, *et seq.*; California Code of Civil Procedure Sections 337, 338, 339, 340, and

24    343; and California Business and Professions Code Section 17208.

25

26                              **THIRD AFFIRMATIVE DEFENSE**

27                                 (Non-Certifiable Class)

28    3.    Defendant is informed and believes, and based upon such information and

LA1 2678808v.2

                                            2
                        ANSWER TO COMPLAINT FOR DAMAGES

EXHIBIT A

PAGE 51

1  belief avers, that the Complaint does not state facts sufficient to certify a class pursuant to California

2  Code of Civil Procedure Section 382.  Accordingly, this action is not properly brought as a class

3  action.

4

5                              **FOURTH AFFIRMATIVE DEFENSE**

6                                     (No Common Issues)

7           4.      Defendant is informed and believes, and based upon such information and

8  belief avers, that there is a lack of common issues of fact or law.  Accordingly, this action is not

9  properly brought as a class action.

10

11                              **FIFTH AFFIRMATIVE DEFENSE**

12                                    (Lack of Typicality)

13          5.      Defendant is informed and believes, and based upon such information and

14  belief avers, that Plaintiff's claims are not typical of the class (and subclasses) they purport to

15  represent and, accordingly, this action is not properly brought as a class action.

16

17

18                              **SIXTH AFFIRMATIVE DEFENSE**

19                                    (Lack of Superiority)

20          6.      Defendant is informed and believes, and based upon such information and

21  belief avers, that the class action procedure is not the superior method for adjudicating Plaintiff's

22  claims or the claims of the alleged class and, accordingly, this action is not properly brought as a

23  class action.

24

25                              **SEVENTH AFFIRMATIVE DEFENSE**

26                                    (Lack of Standing)

27          7.      Defendants is informed and believes, and based upon such information and

28

ANSWER TO COMPLAINT FOR DAMAGES

LA1 2678808v.2

EXHIBIT __A__

PAGE __52__

1  belief avers, that the Complaint, and each purported cause of action alleged therein, is barred

2  because Plaintiff lacks standing to assert any purported cause of action alleged in the Complaint.

3

4  **EIGHTH AFFIRMATIVE DEFENSE**

5  (Inadequacy of Class Representative)

6        8.     Defendant is informed and believes, and based upon such information and

7  belief avers, that Plaintiff is not a proper representative of the class she purports to represent and,

8  accordingly, this action is not properly brought as a class action.

9

10  **NINTH AFFIRMATIVE DEFENSE**

11  (Attorneys' Fees)

12        9.     As a consequence of Plaintiff bringing or maintaining this action, Defendant

13  has been required to retain attorneys to defend itself, and Defendant is entitled to recover its

14  attorneys' fees incurred herein pursuant to California Labor Code Section 218.5 and California Code

15  of Civil Procedure Section 128.7.

16

17  **TENTH AFFIRMATIVE DEFENSE**

18  (Lack of Specificity)

19       10.    Plaintiff's claim for unfair competition in violation of California Business and

20  Professions Code Sections 17200, *et seq.*, is barred because it fails to plead specific facts capable of

21  stating a claim for violation of the unfair competition act.

22

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  (Waiver)

25       11.    Based on Plaintiff's conduct, Plaintiff has waived any right to recover any

26  relief by the Complaint, or any purported cause of action alleged therein.

27

28

EXHIBIT A

PAGE 53

## TWELFTH AFFIRMATIVE DEFENSE

### (Inapplicability of Cal. Business and Prof. Code Section 17200 *et seq.*)

12.     Plaintiff's claim under California Business and Professions Code Section 17200 *et seq.* is barred because Defendant did not engage in any unfair business practice to the detriment of consumers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

13.     Defendant alleges that it cannot be liable for any violation of California Business and Professions Code Section 17200 *et seq.* because its actions, conduct and dealings with its employees was lawful and was carried out in good faith for legitimate business purposes.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual Injury)

14.     Plaintiff's cause of action claiming unfair business practices in violation of California Business and Professions Code Section 17200 *et seq.* is barred because Plaintiff did not suffer actual injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

15.     Defendant is informed and believes, and on that basis alleges that Plaintiff's Complaint is barred, in whole or in part, by misrepresentations made by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent)

16.     The actual causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

LA1 2678808v.2

EXHIBIT A
PAGE 54

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Actual or Constructive Knowledge)

17.    Assuming *arguendo* that Plaintiff was entitled to meal and rest periods, and did not take them, Defendant did not have actual or constructive knowledge of Plaintiff's actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Liability)

18.    The Complaint, and each purported cause of action therein, and the alleged violations on which Plaintiff bases each and every purported cause of action is barred, in whole or in part, because Defendant has complied with and performed fully any and all obligations imposed on it by law, contract, or equity and any obligation owed to Plaintiff has been satisfied, released or otherwise discharged.

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

19.    Defendant is informed and believes, and based upon such information and belief avers, that the Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff failed to adequately exhaust her administrative remedies under the appropriate statutory provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

20.    The Complaint, and each purported cause of action alleged therein, should be abated, and Plaintiff must pursue her administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unclean Hands)

EXHIBIT  A

PAGE  55

21.     Defendant is informed and believes, and based upon such information and belief avers, that Plaintiffs' Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

22.     Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed bringing the action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

23.     Defendant is informed and believes, and based upon such information and belief avers, that Plaintiff's claims are barred for the reason that, by her actions, Plaintiff is estopped from bringing any cause of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

24.     Defendant is informed and believes, and based upon such information and belief avers, that by her conduct and/or based on a written waiver, Plaintiff has waived some or all of the causes of action asserted in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fault Of Plaintiffs/Third Parties)

25.     Any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than Defendant, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Defendant.

LA1 2678808v.2

7

EXHIBIT __A__

PAGE __56__

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

26.     Plaintiff's claims for equitable relief fail because Plaintiff may pursue adequate legal remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

27.     Some of all of the purported causes of action in the Complaint seek damages that are subject to setoff, offset, and/or recoupment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

28.     Defendant cannot be liable for any alleged violation of California Business and Professions Code Sections 17200, *et seq.* or any other cause of action alleged in the Complaint because Defendant's actions, conduct and dealings with its employees were lawful, and were carried out in good faith for legitimate business purposes.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

29.     Neither Plaintiff nor any of the persons on whose behalf Plaintiff purport to sue can recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

30.     At all times relevant, Defendant acted in good faith, with honesty of purpose and without any willful intention to withhold payment. See Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1 (1981); Bothell v. Phase Metrics, Inc., 299 F. 3d 1120 (9th Cir. 2002).

LA1 2678808v.2

EXHIBIT A

PAGE 57

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

31.     Plaintiff has failed to mitigate her losses, if any, and as a result of such failure, Plaintiff's claims against Defendants are reduced, excused, and/or discharged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Due Process)

32.     Plaintiff's Complaint, to the extent it seeks penalties or restitution on behalf of absent class members or the general public, violates the due process clause as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Inadvertence)

33.     Any recovery assessed should be reduced in whole or in part because any violations were inadvertent and/or due to a clerical error or inadvertent mistake.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Exemption)

34.     The alleged causes of action are barred, in whole or in part, because Plaintiff was properly classified as exempt from overtime requirements pursuant to the California Labor Code and California Wage Orders including, without limitation, the administrative exemption.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Penalties – Good Faith Dispute)

35.     Plaintiff cannot recover Labor Code Section 2699, Labor Code Section 203, or Labor Code Section 226(e) civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

EXHIBIT __A__

PAGE __58__

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

36.     Plaintiff's claims fail because she lacks a private right of action to bring such claims.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays as follows:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiff's requests for declaratory relief be denied in their entirety;

3.     That Plaintiff's request for injunctive relief be denied in its entirety;

4.     That Plaintiff's requests for monetary relief be denied it their entirety;

5.     That Plaintiff takes nothing by reason of her Complaint and that judgment be rendered in favor of Defendants;

6.     That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

7.     For such other and further relief as this court deems just and proper.


Dated: April 5, 2013

SIDLEY AUSTIN LLP


By: _Katherine A. Roberts_
Douglas R. Hart
Katherine A. Roberts
Attorneys for Defendants
ARTHUR J. GALLAGHER SERVICE
COMPANY, LLC, a Delaware Limited
Liability Company, and DOES 1 through 50,
inclusive

LA1 2678808v.2

10

ANSWER TO COMPLAINT FOR DAMAGES

EXHIBIT __A__

PAGE __59__

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                         ) ss
COUNTY OF LOS ANGELES )

        I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

        On April 5, 2013, I served the foregoing document described as **ANSWER** on all interested parties in this action as follows:

> Norman B. Blumenthal
> Kyle R. Nordrehaug
> Aparajit Bhowmik
> BLUMENTHAL, NORDREHAUGH & BHOWMIK
> 2255 Calle Clara
> La Jolla, CA 92037
> Telephone: (858) 551-1223

        I served the foregoing document by Federal Express, a carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by Federal Express, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for. I then placed said envelopes with Sidley Austin LLP personnel for collection and processing by Federal Express following Sidley Austin LLP's ordinary business practices. Pursuant to these practices, with which I am readily familiar, sealed, addressed envelopes are delivered to an authorized courier or driver authorized by Federal Express at 555 West Fifth Street, Los Angeles, California, the same date they are collected and processed.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on April 5, 2013, at Los Angeles, California.

_Kristina Wilcox_
Kristina Wilcox

EXHIBIT A

PAGE 60

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 646 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Sherry Dobrosky, on behalf of herself and on behalf of all persons similarly situated | Arthur J. Gallagher Service Co., LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037 (858) 551-1223 | Sidley Austin, LLP<br>555 W. 5th St., 40th Floor<br>Los Angeles, CA 90013<br>(213) 896-6000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unfair Competition (Cal. Bus. & Prof. Code 17200), Failure to pay overtime, provide wages when due & provide itemized statements (Cal Labor sec. 310, 226, 201-203)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

EDCV13-0646

FOR OFFICE USE ONLY:      Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant is incorporated in Delaware and has its principal place of business in Illinois. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _Roberts_   Date  4-9-13

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |