Douglas R. Hart, SBN 115673
dhart@sidley.com
Katherine A. Roberts, SBN 259486
kate.roberts@sidley.com
Heather C. Aspell, SBN 274489
heather.aspell@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for ARTHUR J. GALLAGHER SERVICE COMPANY, LLC., a Delaware Limited Liability Company, and DOES 1 through 50, inclusive

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY DOBROSKY, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ARTHUR J. GALLAGHER SERVICE COMPANY, LLC., a Delaware Limited Liability Company, and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. EDCV 13-00646-JGB (SPx)<br><br>Assigned to: Hon. Jesus Bernal<br><br>**STIPULATED PROTECTIVE ORDER RE: PROTECTION OF CONFIDENTIAL INFORMATION** |

LA1 2775395v.1

TO ALL PARTIES OF RECORD AND THIS HONORABLE COURT:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that the producing party deems to be:  (1) protected by the right of privacy of Defendant Arthur J. Gallagher Service Company LLC's ("Defendant's'") current and former employees; (2) proprietary; or (3) contain trade secrets.  As such, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Sherry Dobrosky ("Plaintiff"), through her counsel, on the one hand, and Defendant, through its counsel, on the other, that the Parties will maintain the confidentiality of, and use solely for the purpose of litigating the present lawsuit or other employment-related claims Plaintiff may pursue against Defendant, any confidential or proprietary information which the Parties mark as "confidential," "proprietary," or "subject to protective order," (hereinafter referred to as "Confidential Information").  The Parties may only mark as Confidential Information the limited information or items that the producing party deems to be (1)  protected by the right of privacy, including but not limited to, private contact and identifying information, and/or third-party personnel data and information, (2) proprietary, (3) contain trade secrets. The party designating the material as confidential bears the burden of establishing the confidential nature of the documents.

Additionally, the Parties agree upon the following, procedures, terms and conditions:

1. In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

      a.    Attorneys of record for the Parties;

      b.    Paralegals, secretaries, and/or process servers regularly employed by the Parties' counsel of record;

      c.    Plaintiff and Defendant;

      d.    Experts or paid consultants regarding this litigation;

      e.    Witnesses in a deposition or at trial who have a specific and necessary case-related reason to review the Confidential Information;

    2.    All persons identified in sub-paragraphs 1(c) – 1(e) who in the course of this action are given access to Confidential Information, shall be required to read the Stipulation and agree to be bound thereby by executing the "Acknowledgment and Agreement To Be Bound By Protective Order," attached hereto as Exhibit A.

    3.    Any responses to interrogatories, requests for admissions, or demands for inspection and pleadings that disclose the content of Confidential Information shall be restricted and marked as Confidential Information.

    4.    If Confidential Information is disclosed during a deposition, counsel of record for the Designating Party shall make arrangements, or when appropriate request the Court to make arrangements, to ensure that only the deponent, counsel for the deponent, court reporter, and Qualified Persons identified in Paragraph 1 above, are present, and ask that such testimony be bound separately and marked "Confidential - Subject to Protective Order" unless otherwise agreed by counsel for all Parties.

    5.    Confidential Information shall be used solely for the purpose of this action and not for any other purpose.

    6.    Nothing contained in this Stipulation shall be construed to prejudice the rights of a party to use before the Court or mediator any Confidential Information. However, before doing so, the party intending to use Confidential Information shall either take appropriate steps to file the Confidential Information conditionally under seal or so inform the other party who may request from the Court or mediator

appropriate protection for the Confidential Information, including bringing a motion to file under seal any Confidential Information to be filed with the Court, or clearing the hearing room or courtroom of persons not entitled hereunder to such Confidential Information.  Before filing any Confidential Information with the Court, unless exigent circumstances exist or unless the party intending to use the Confidential Information takes appropriate steps to file the Confidential Information conditionally under seal, the party intending to use the Confidential Information will provide the other party with at least two (2) court days notice, within which time, the Parties shall meet and confer regarding the need to bring a motion to file under seal.

7.   Nothing in this Stipulation shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the confidential status of Confidential Information.

8.   Any objections as to the production or admissibility of the Confidential Information are reserved and are not waived by any terms of this Stipulation and Order.

9.   This Stipulation and Order shall not prejudice the right of the Parties:  (a) to object to any request to produce Confidential Information; (b) to object to the introduction into evidence of any Confidential Information; (c) to seek additional protective treatment for any Confidential Information; (d) to object to the designation of documents as Confidential Information; or (e) to seek any modification of any provision of this Stipulation and Order either generally or as to any particular Confidential Information by properly noticed motion.  The Parties shall meet and confer regarding any dispute that refers or relates to Confidential Information prior to filing any motion.  If at any time, the non-designating party objects to the designation of any documents or information as confidential, counsel for such party shall inform the designating party in writing of the objection.  Thereafter, the Parties shall meet and

confer in an attempt to resolve this dispute.  If the dispute cannot be resolved, either party may seek appropriate judicial relief.

10. Legal remedies are inadequate to prevent the use or disclosure of Confidential Information covered by this Stipulation; therefore, the Parties agree that injunctive relief is an appropriate remedy to prevent any person or party from using or disclosing Confidential Information in violation of the Stipulation and Order.  In the event a party, or any other person or entity, violate or threaten to violate any of the terms of this Stipulation and Order, the Parties agree that the producing party, with appropriate notice to the requesting party, may apply to the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Stipulation.  In the event a party applies to the Court, the responding party, person or entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a claim that the applying party possesses an adequate remedy at law.  The Parties and any other persons subject to the terms of this Stipulation and Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this order.  The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief.

11. Inadvertent disclosure of any Confidential Information during discovery, mediation or trial of this action, or inadvertent disclosure of Confidential Information without appropriate designation, shall be without prejudice to any claim that such material is private and confidential and no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

12. If Confidential Information is disclosed to any persons other than in the manner authorized by this Stipulation and Order, the person or party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights and remedies of any party and make every reasonable effort to prevent further disclosure by it or by the person who receives such information.

13. This Stipulation may be amended by the written agreement of counsel for the Parties to this agreement and any pertinent third parties in the form of an amended stipulation and pursuant to a further order of the Court.  This Stipulation is intended to regulate the handling of the Confidential Information during the entirety of this litigation through appeal and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record or by agreement of the Parties to this litigation and any pertinent third parties or by order of the Court.

14. Within thirty (30) days after the final disposition of the proceeding, whether through final judgment or otherwise (including all appeals), counsel and any person authorized by the Stipulation to receive Confidential Information shall return or destroy all originals and copies of documents relating or referring to the Confidential Information, except that only attorneys of record shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to discovery requests, responses to request for admission, or deposition transcripts that contain or refer to any Confidential Information to the extent necessary to preserve a litigation file in this case.  Confidential Information in such litigation files shall remain sealed and disclosed only in accordance with the terms of this Stipulation and Order.

15. Any party may seek an order from the Court to change, modify, amend or rescind this protective order or any parts thereof.
The terms of this Stipulation shall survive and remain in full force and effect after termination of this lawsuit.  The Court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

///

///

///

1
2  Dated: July 3, 2013
3                                          BLUMENTHAL, NORDREHAUG & BHOWMIK
4
5
6
                                           By _____
7                                                  APARAJIT BHOWMIK
                                                   Attorney for Plaintiff
8
9
10
11 Dated: July 3, 2013
12
                                           SIDLEY AUSTIN LLP
13
14
15
                                           By _____
16                                                 DOUGLAS R. HART
                                                   KATHERINE A. ROBERTS
17                                                 HEATHER C. ASPELL
                                                   Attorneys for Defendant
18                                           Arthur J. Gallagher Service Company, LLC.
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

I, _____ **[print or type full name]** of _____

_____**[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court on _____, 2013 in the case of <u>Sherry Dobrosky v. Arthur J. Gallagher Service Company, LLC</u>, United States District Court Case No. DCV 13-00646-JGB (SPx).  I am a person or party specifically identified in Paragraph 2 of the Stipulated Protective Order.  I will not use or disclose any Confidential Information that is disclosed to me: (1) except to other persons identified in Paragraph 2 of the Stipulated Protective Order; and (2) for purposes that are directly and solely related to the litigation.  I do agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ **[print or type full name]** of

_____**[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

ORDER

The Court, having read and considered the [Proposed] Stipulated Protective Order Regarding the Protection of Confidential Information, finds good cause appearing in that discovery in this action will be facilitated and thereby,

IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action without prejudice to any motion for modification.

DATED: July 8, 2013        /s/ Sheri Pym
THE HONORABLE SHERI PYM
U.S. MAGISTRATE JUDGE